# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**JUSTIN D. ELNICKI,**

                **Petitioner,**

       v.                                    CASE NO. 11-3049-SAC

**RICHARD KLINE, et al.,**

                **Respondents.**

# O R D E R

This matter is before the court on a petition for habeas corpus filed pursuant to 28 U.S.C. § 2254. Having reviewed petitioner's limited financial resources, the court grants petitioner leave to proceed in forma pauperis in this matter.

Petitioner appears to seek relief under § 2254 on allegations of constitutional error in his Shawnee County District Court criminal case 01-CR-1828. The public access website for that court[1] indicates that this state criminal proceeding is still pending sentencing and resolution of petitioner's motion for a new trial. The United States Supreme Court instructs that the "[f]inal judgment in a criminal case means sentence. The sentence is the judgment." *Burton v. Stewart*, 549 U.S. 147, 156 (2007)(quotation marks and citation omitted). Accordingly, because it appears petitioner's state court conviction is not yet final, his petition for relief

---

[1]See www.shawneecourt.org

under § 2254 is premature and subject to being dismissed without prejudice.

The court thus directs petitioner to show cause why the instant matter should not be dismissed without prejudice because this court lacks jurisdiction under §2254 to review petitioner's claims. *See Reber v. Steele*, 570 F.3d 1206, 1209-10 (10th Cir.2009)(district court lacked jurisdiction to review § 2254 petition filed prior to issuance of final judgment in the state proceeding).

The failure to file a timely response will result in the dismissal of the instant petition without prejudice to petitioner refiling a § 2254 petition once his state court conviction is final, and he has fully exhausted state court remedies on all claims asserted in that petition.[2]

IT IS THEREFORE ORDERED that petitioner's motion for leave to proceed in forma pauperis (Doc. 2) is granted.

IT IS FURTHER ORDERED that petitioner is granted twenty (20) days to show cause why the instant petition should not be dismissed

---

[2] Petitioner is advised that a one year limitation period applies to the filing of a petition under § 2254. *See* 28 U.S.C. § 2244(d)(1)(A)(one year limitation period applicable to habeas petitions filed by a person in custody pursuant to a state court judgment runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."). *See also Locke v. Saffle*, 237 F.3d 1269, 1271-73 (10th Cir.2001)(for purposes of § 2244(d)(1)(A), a state court conviction becomes final upon expiration of the time for petitioning the United States Supreme Court for certiorari review of direct appeal from the conviction). The running of that statutory limitation period is suspended ("tolled") during the period a properly filed state post-conviction proceeding, and appeal therefrom, is pending in the state courts. 28 U.S.C. § 2244(d)(2).

without prejudice.

**IT IS SO ORDERED.**

DATED: This 12th day of April 2011 at Topeka, Kansas.

    s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge